IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE    )
    )
v.    )    ID No. 1608018017
    )
    )
TYREEK DUCETTE    )
    Defendant.    )
    )

Submitted: February 4, 2019
Decided: February 11, 2019

# COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

John S. Taylor, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Tyreek Ducette, Delaware, *pro se.*

**MAYER,** Commissioner

This 11th day of February, 2019, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On October 10, 2016, Tyreek Ducette ("Defendant") was indicted and charged with Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited. The charges stem from a search of Defendant's home on August 23, 2016. At the time, an investigation was underway with respect to an alleged burglary. Defendant's fingerprint was found on a cash register. According to the affidavit, the police were looking for receipts related to the burglary. Law enforcement responded to Defendant's home and placed him into custody for an outstanding warrant for burglary. Law enforcement also served a search warrant and while searching the room in which Defendant was placed into custody, located a .25 caliber Hawes Handgun and six rounds of ammunition. The investigator also located Defendant's identification card near the firearm, and after Defendant was mirandized, he admitted the firearm was purchased by him out of concerns for his safety. Defendant had previously been convicted of Carrying a Concealed Deadly Weapon and he was a person prohibited from possessing a

2

firearm and ammunition. Defendant was then charged with the instant offenses.[1] Defendant waived his right to a jury trial and a bench trial took place on May 7, 2017. At the conclusion of the trial, Defendant was found guilty of both charges. Defendant was sentenced on June 16, 2017 to five years at Level V plus six months at Level IV, with some probation to follow.

On June 11, 2018, Defendant filed his first Motion for Postconviction Relief.[2] Defendant initially presented three claims: (1) trial counsel was ineffective because he did not "state all the facts that he was supposed to and left out important facts that could help;" (2) the search and seizure was illegal because he was charged with an offense unrelated to the search warrant; and (3) the officers did not have probable cause for the search of his home. On August 31, 2018, Defendant filed a Letter with additional "merits" in support of his motion.[3] Through his Letter, Defendant expands upon his claims. First, Defendant argues that trial counsel was ineffective because he did not argue that the gun was unrelated to the alleged burglary and therefore should not have been seized, resulting in the charges at issue. Next, it appears Defendant is attempting to argue that trial counsel was ineffective for failing

---

[1] Defendant was originally charged with Burglary Third, Theft < 1500 and Criminal Mischief <5000 as well. However, this case only involves the two firearm charges.

[2] D.I. # 23.

[3] D.I. # 29.

to move to suppress the search because his fingerprint on the cash register was insufficient to support probable cause for a search of his home.

On October 11, 2018, trial counsel submitted an Affidavit responding to the allegations.[4] On December 5, 2018, the State filed a Response to Defendant's Motion for Postconviction Relief.[5] Defendant was also given an opportunity to file a reply in support of his motion but did not do so by the date set.

## DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[6] Defendant's first motion, having been filed within one year of the date of sentencing, is timely.[7] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. To the extent Defendant is now attempting to directly challenge the search

---

[4] D.I. # 31.

[5] D.I. # 33.

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

4

warrant, any such claims are barred for his failure to raise them previously. Ineffective assistance of counsel claims though cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for Postconviction Relief.[8]

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[9] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[10] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[11] Defendant must also show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[12] "A defense attorney

---

[8] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[10] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[11] *Id.* at 293-94 (citations omitted).

[12] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[13] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[14] Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[15] Mere allegations of ineffectiveness or conclusory statements will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[16]

According to trial counsel's Affidavit, he reviewed the police reports and search warrant and determined that the warrant was valid and supported by probable cause. Trial counsel saw no grounds to support a suppression motion and decided that highlighting the basis for the search at trial would have been against Defendant's

---

[13] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012) (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

[14] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[15] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[16] *Strickland*, 466 U.S. at 687-88, 694; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

interests. The State responds in a similar vein. The State concurs with trial counsel's analysis and adds that the dresser was lawfully searched for receipts, and upon finding the firearm, the evidence was properly seized.

Probable cause for the issuance of a search warrant may be found if the application sets forth facts that are sufficient for a neutral magistrate to conclude that a crime has been committed, and the property sought to be seized can be found in a particular place.[17] The magistrate may consider the totality of the circumstances to decide whether there is a fair probability that evidence of a crime will be found in a particular place.[18] This Court provides great deference to the magistrate's determination but will ensure that there was a substantial basis for a finding that probable cause existed.[19] Here, the search warrant included the fact that Defendant's fingerprint was found on the cash register at the scene of a recent crime. The warrant permitted the officers to search Defendant's home for evidence of the crime, including receipts from the business. Based upon these facts and circumstances, and the deference given to the magistrate's determination, I do not find that had trial

---

[17] *Rivera v. State*, 7 A.3d 961, 966 (Del. 2010).

[18] *Id.* at 966-967.

[19] *Id.*

7

counsel challenged the warrant, the outcome of the proceedings would have been different.[20]

If the police are in possession of a valid search warrant, they are permitted to seize items in plain view under certain circumstances. A seizure of an item in plain view is lawful if (1) the police are lawfully engaged in an activity in a particular place that brings the officer within plain view of the item to be seized; (2) the police come across the item inadvertently; and (3) the item seized is of immediate apparent evidentiary value.[21] In the present case, it was known to the officers that Defendant was a person prohibited, the firearm was found inadvertently while looking for the receipts, and the police were lawfully engaged in a search. For the foregoing reasons, Defendant has not demonstrated that trial counsel's strategy not to file a motion to suppress, or otherwise challenge the search warrant, was objectively unreasonable. As Defendant has not established error by trial counsel, the Court need not address the *Strickland* standard further.

---

[20] *See e.g. Jones v. State*, 2011 WL 1900443, at *2 (Del. May 16, 2011) (finding there was probable cause for a warrantless arrest when fingerprints were found after a robbery on a washing machine); *Godlewski v. State*, 2013 WL 3807796, at *1 (Del. July 18, 2013) (recognizing affidavit of probable cause which lead to issuance of search warrant relied on fingerprint at crime scene that matched defendant).

[21] *Wicks v. State*, 552 A.2d 462, 465 (Del. 1988).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

The Honorable Katharine L. Mayer

oc:   Prothonotary
John S. Taylor, Esquire
Ralph D. Wilkinson, Esquire
Tyreek Ducette